GEORGE McCARTY ET AL. v. CHAS. TATURN ET AL.

**Parties to Actions.**

> Civil Code (1876), § 24, provides that "parties who are united in interest must be joined as plaintiffs or defendants," and § 25 provides that "if the question involve a common or general interest of many persons and because they are so numerous, one or more of them may sue or defend for the benefit of all."

**Jurisdiction of the Chancery Court.**

> In a suit by parties to recover the amount paid by them for lottery tickets issued and sold to them and a large number of other persons whose names are alleged by plaintiffs to be unknown to them, the total sum due to all of such purchasers can not be alleged so as to raise the amount to give the court jurisdiction. The purchase is a separate and distinct transaction and when the sum for which plaintiffs ask for judgment is only $3, the Louisville Chancery Court has no jurisdiction.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 13, 1882.

OPINION BY JUDGE LEWIS:

This is an action brought by appellants in the Louisville Chancery Court to recover of appellees the amount paid by them for lottery tickets issued and sold by appellees to them and a large number of other persons whose names, it is alleged in the petition, are unknown to appellants.

It is manifest that the Louisville Chancery Court has no jurisdiction of the subject of the action, and the petition was properly dismissed, unless Civ. Code (1876), §§ 24, 25, can be properly construed to apply to this case. For although the aggregate amount for which the lottery tickets are alleged to have been sold to the various holders is sufficient to give jurisdiction, the amount sued for and claimed by appellants in their own right is only $3.

By § 24 it is provided that "parties who are united in interest must be joined as plaintiffs or defendants," and § 25 is as follows: "If the question involve a common or general interest of many persons," or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, "one or more may sue or defend for the benefit of all." We are of the opinion that the "common or general interest of many

persons" in the meaning of the code, is such as that a separate judgment in favor of one of them would not be proper, or indicate such relation to or connection with the subject matter by all the persons interested as to preclude a separate action by any one of them.

As appears from the petition in this case the purchase of the lottery tickets by each one was a separate and distinct transaction. And while appellees may be liable to all the holders of the tickets for the several amounts paid therefor by them respectively, they, if liable at all, are liable to each one of them, and each one may maintain a separate action and obtain a personal judgment for the amount paid by or due to him without prejudice to the rights of the others.

It is not necessary to consider the other questions raised by counsel, as the chancery courts clearly have no jurisdiction of the subject of the action.

The appeal is therefore *dismissed*.

*Harlan & Willson, Matt O'Doherty,* for appellants.

*D. W. Sanders, W. O. & J. L. Dodd, J. & J. W. Rodman,* for *appellees*.